IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

KELLY K. PAGELER, )
)
        Plaintiff, )
)
vs. ) Case No. 08-4132-CV-C-ODS
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
        Defendant. )

ORDER AND OPINION GRANTING MOTION TO DISMISS

     Pending is Defendant's Motion to Dismiss Plaintiff's Social Security complaint for lack of jurisdiction (Doc. # 8). For the following reasons, Defendant's Motion is granted.

I. BACKGROUND

     On December 8, 2006, after Plaintiff's insured status expired on September 30, 2005, Plaintiff filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act. On January 5, 2007, Plaintiff's claim was denied. The decision became administratively final because Plaintiff did not request review of the decision within the required time period.

     On June 5, 2007, Plaintiff filed another application for a period of disability and disability insurance benefits, alleging a disability onset date of September 30, 2005, his date last insured. This claim was denied initially on June 12, 2007, and upon reconsideration on September 27, 2007. On November 14, 2007, Plaintiff filed a timely request for a hearing before an Administrative Law Judge ("ALJ"). On February 4, 2008, the ALJ first determined that the deadline for requesting review of the decision on Plaintiff's prior claim should not be extended. He next found that none of the conditions for reopening the prior decision were met. Finally, the ALJ found that no new and material evidence had been submitted and that there had been no change in statute, regulation, ruling, or legal precedent concerning the issues ruled in the previous

decision dated January 5, 2007. Therefore, the ALJ found that the doctrine of res judicata applied and dismissed Plaintiff's request for a hearing. Plaintiff filed a request for review of the ALJ's dismissal order, which the Appeals Council denied on April 14, 2008. On June 20, 2008, Plaintiff filed the above-captioned action seeking judicial review of the ALJ's decision to dismiss Plaintiff's request for a hearing.

## II. DISCUSSION

Section 205(g) of the Social Security Act states:

Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days . . . .

28 U.S.C. § 405(g).

Therefore, only a "final decision of the Secretary made after a hearing" is subject to judicial review. Further, "a petition to reopen a final decision may be denied without a hearing as provided in § 205(b)," 42 U.S.C. § 405(b). Califano v. Sanders, 430 U.S. 99, 108 (1977). Accordingly, "§ 205(g) cannot be read to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits." Id. at 107-108. Likewise, an ALJ may dismiss a request for a hearing when he determines that the doctrine of res judicata applies. 20 C.F.R. § 404.957(c)(1). Consequently, courts also lack jurisdiction to review denials of benefits based on res judicata because such denials are entered without a hearing. Yeazel v. Apfel, 148 F.3d 910, 911 (8th Cir. 1998).[1]

"However, a claim may properly be treated as having been reopened as a matter of administrative discretion where the Secretary reconsiders the merits of the application previously denied." Hudson v. Bowen, 870 F.2d 1392, 1395 (8th Cir. 1989).

---

[1] A court may review the Secretary's decision notwithstanding the absence of a prior hearing if the claimant challenges the decision on constitutional grounds. Califano, 430 U.S. at 109; Yeazel, 148 F.3d at 911. In this case, Plaintiff does not raise a constitutional claim, making this exception inapplicable.

2

Thus, "the final decision of the Secretary denying such a claim is also subject to judicial review to the extent it has been reopened." Id. (quoting Jelinek v. Heckler, 764 F.2d 507, 508-509 (8th Cir. 1985)).

Plaintiff agrees that he did not timely appeal the decision of January 5, 2007. He also agrees that generally a decision by the Secretary not to reopen a prior dismissal of an earlier application is not reviewable by the District Court. However, he insists that his first claim was reconsidered by the Secretary, and therefore implicitly reopened, when on September 4, 2007, before the Appeals Council's reconsideration decision on September 27, a Disability Examiner provided an Explanation of Determination which listed the new medical records received as part of Plaintiff's June 5, 2007 application, a statement that Plaintiff became disabled as of June 1, 2007, and a finding that reopening the prior file was considered but determined to be unwarranted. See Doc. # 13, Exh. A.

The Explanation of Determination dated September 4, 2007, is not a decision by the Commissioner, nor was it "made after a hearing to which [Plaintiff] was a party." 28 U.S.C. § 405(g). Furthermore, even if it was evidence of whether Plaintiff's prior application was reopened, it specifically states that reopening the prior file was considered but was determined to be unwarranted. Plaintiff's claim was denied initially on June 12, 2007, and upon reconsideration on September 27, 2007, on the basis of res judicata. Plaintiff's request for a hearing before an ALJ was dismissed on February 4, 2008, because the ALJ found that Plaintiff's prior application should not be reopened and that res judicata applied. The Appeals Council denied Plaintiff's request for review of the ALJ's dismissal. Because Plaintiff's application was dismissed without a hearing, the Court does not have jurisdiction to review the decision under § 205(g).

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Social Security complaint for lack of jurisdiction is granted.

3

Case 2:08-cv-04132-ODS   Document 17   Filed 01/14/09   Page 3 of 4

IT IS SO ORDERED.

DATE: January 14, 2009

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

4